(June 17, 2002)

■ NATALIA MAKAROVA et al., Respondents, v LEONARD L. SILVERSTEIN, as Personal Representative of the Estate of ROGER L. STEVENS, Deceased, et al., Appellants, et al., Defendant. [744 NYS2d 365] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about February 26, 2001, which, insofar as appealed from as limited by the briefs, denied the respective motions of defendants-appellants the Estate of Roger L. Stevens and Sander Gossard and Associates, Inc., for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants-appellants' motions granted and the complaint severed and dismissed as to them. The Clerk is directed to enter judgment accordingly.

It is undisputed that Sander Gossard, using a design provided by the production's scenic designer Zack Brown, built a fabric scenery backdrop for the Kennedy Center's 1982 production of the musical "On Your Toes." On December 18, 1982, while plaintiff Natalia Makarova, a world renowned prima ballerina, was performing onstage, the backdrop, an approximately 30 by 45 foot sheet of muslin with a continuous piece of pipe sewn in the bottom, tore and fell, bounced off the stage floor and struck and injured her. A day or two prior to the accident the backdrop had previously torn. It was believed that it had fouled or snagged on an electric light fixture. The production carpenter, Bernard "Babe" Gorelick, and an assistant repaired the approximately six-inch tear. According to Mr. Gorelick, he

then believed the drop was unsafe and he communicated that belief to the "general manager" of defendant Kennedy Center Productions, Inc., who said "don't worry about it. We're replacing the drop." However, the drop was not replaced prior to the accident.

Gossard testified that the backdrop was made using Zack Brown's design, with standard materials used in the industry, and that there was no defect or dangerous condition of the backdrop when he delivered it to the production company. Plaintiffs have failed to come forward with any evidence, expert or otherwise, to rebut this and, as a result, any finding as to the cause of the accident would be impermissibly speculative. Contrary to the IAS court's finding of triable issues of fact as to whether the scenery drop was defectively constructed or assembled by Sander Gossard and whether it had notice of a defect, plaintiffs have offered no evidence as to what caused the backdrop to fall on the day of the accident. The only person to examine the backdrop after it fell was Mr. Gorelick, who simply testified: "I thought it [the tear] was done by one of the electrical units. Whether it was or not, I don't know. It's an assumption." Likewise, when asked if the tear could have occurred because of some weakness in the muslin, he responded: "I couldn't even venture a guess."

Thus, absent any expert or other testimony as to what caused the backdrop to tear and fall and, whether it was caused by some flaw or negligence in the manufacturing process, or whether it would not have occurred if Gossard had done something differently, any finding as to the cause of the accident would be impermissibly speculative and Gossard is entitled to summary judgment dismissing the complaint as against it.

Under the circumstances, where the Stevens' estate's timely motion for summary judgment was still pending and had not yet been submitted due to several adjournments, counsel's explanation for the untimeliness of Gossard's cross motion for the same relief was adequate, and the motion should have been considered on its merits in the interest of judicial economy, where it would possibly dispose of a determinative issue prior to trial, and in the absence of any demonstration of prejudice by plaintiffs.

Finally, as to defendant estate, despite this Court's earlier affirmances of previous denials of summary judgment (143 AD2d 1074; 237 AD2d 224), it is clear that plaintiffs' claims against the late Mr. Stevens are barred pursuant to the doctrine of collateral estoppel by the subsequent finding that Ms.

Makarova was an employee of defendant Kennedy Center, the producer (*Makarova v United States*, 201 F3d 110).

The unpublished decision and order entered herein on June 13, 2002 is hereby recalled and vacated. Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Wallach, JJ.